# CIRCUIT COURT OF BALTIMORE CITY.

Filed February 16, 1926.

ROBERT W. WILLIAMS, ET AL.,

VS.

JEROME N. C. BONAPARTE, ET AL.

*Janney, Ober, Slingluff & Williams* for complainants.

*Haman, Cook, Chesnut & Markell* and *Charles B. Hoffman* for defendants.

FRANK, J.—

The only question involved in this controversy may be stated thus:

Had the late Charles Joseph Bonaparte, under clause thirdly of the last will and testament of his grandmother, Elizabeth Patterson, the power by his own will to dispose of the one-half part of all the real estate devised to him for life by clause secondly of said will.

By clauses firstly and secondly Madame Patterson devised one undivided half of her real estate to each of her grandsons, Jerome Napoleon Bonaparte and Charles Joseph Bonaparte, for their respective lives. If either should die leaving issue him surviving then to that issue. If either should die without such issue then to the survivor for life and thereafter to the survivor's issue. In these clauses, no express provision is made for the case of the death of the survivor without leaving issue him surviving, although such provision, we have seen, is made for the case of the death of the first to die without surviving issue. In the situation which has actually arisen, Jerome Napoleon died first leaving two children. Charles Joseph died at a time when both of these children were alive, but without leaving any issue of his own him surviving.

Clause secondly provides "* * * But in case my said grandson, Charles Joseph Bonaparte shall die without issue living at his death, I give and devise the last mentioned half part of all my real estate to his brother, Jerome Napoleon Bonaparte, *for and during his* natural life * * * "—upon the same terms as provided for the half devised to Jerome Napoleon by the next preceding clause of the will (i. e., to him for life and from and after his death to his children as tenants in common). The language used does not provide for the possibility of the *prior* death of Jerome Napoleon, with or without children. It contemplates only his *subsequent* death.

With this situation thus unprovided for by the express language of clauses firstly and secondly, the draftsmen of the will prepared clause thirdly:

"Thirdly:—I hereby empower the survivor of my two grandsons, by his last will and testament * * * to dispose absolutely of all the real estate and reversions therein, of which the life estate shall come to said survivor, under the terms of this will, either directly, or after the death of one of my said grandsons—the said last will and testament of the said survivor of my two said grandsons to take effect as to the said real estate only in the event of the said survivor dying without issue living at his death."

It will be noted:

1. That the power thus conferred can be exercised only:

(a) By the survivor of the two grandsons; and

(b) If he dies without surviving issue;

2. (a) as to the one-half of the real estate devised to him directly; *or*

(b) as to the one-half coming to him after the death of his brother.

2 (a) Would occur if the first to die left issue him surviving. 2(b) Would occur if the first to die left no issue him surviving. All of this is perfectly clear and unambiguous.

Apply it now to the facts of this case: Jerome Napoleon died first leaving surviving issue. Charles Joseph died later leaving no surviving issue. Under the preceding clauses of the will, as we have seen, no express provision is made for the case which has actually arisen, and which the testatrix actually contemplated, because it is the sole occasion of clause Thirdly, i. e. the death of her surviving grandson without issue. His half could not pass to his brother under clause secondly, because the latter had predeceased him. What is to become of his half? Clauses Firstly and Secondly are silent. Clause Thirdly furnishes the answer. Under these circumstances, the survivor by will may dispose of one-half, if the first to die left issue him surviving, or the whole thereof, if he left no such issue. There is no repugnancy between the three clauses and no need to resort to rules of construction.

I hold that the will of Charles Joseph Bonaparte was a valid exercise of the power under the will of Elizabeth Patterson and will sign a decree embodying that conclusion.